# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONORIO ALMAZAN GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *California Valley Annex Detention Facility*,<br><br>Respondent. | Case No. 1:26-cv-09362-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S PETITION BE GRANTED AND PETIONER BE IMMEDIAELY RELEASED**<br><br>(Doc. 1)<br><br><u>SEVEN-DAY DEADLINE</u> |

Honorio Almazan Gomez is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a citizen of Mexico who was previously released on humanitarian parole under 8 U.S.C. §1182(d)(5) before being subsequently redetained. (Doc. 10-4 at 1).

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On November 6, 2026, the District Court issued an order requiring Respondent to show cause why the writ should not be granted. (Doc. 7).

On November 18, 2026, Respondent filed their response to the Court's order to show cause, in which they contend that while Petitioner's claim previously would have "fit into the category of cases in which the Court has found that petitioner's previous parole into the United States is more significant than the manner of entry resulting in immediate release," the Ninth

Circuit's recent decision in *Padilla v. U.S. Immigration & Customs Enforcement*, --- F.4th ---, No. 24-2801, 2026 WL 2822044 (9th Cir. Sept. 21, 2026), is irreconcilable with that finding. (Doc. 10 at 2).

The undersigned disagrees and incorporates and adopts the reasoning of *Cuenca-Pucha v. Andrews*, No. 1:26-CV-08113-DC-JDP, 2026 WL 3059492, at *1 (E.D. Cal. Oct. 13, 2026); *Diaz-Alfonso v. Warden*, No. 1:26-CV-07682-DC-CKD, 2026 WL 3060522, at *1 (E.D. Cal. Oct. 13, 2026); *Bravo Morillo v. Chestnut*, No. 1:26-CV-08080-DC-JDP (HC), 2026 WL 3060542, at *1 (E.D. Cal. Oct. 13, 2026), which found that, contrary to Respondent's expansive interpretation of *Padilla*, that decision limited Petitioner's due process rights relating to their *admissibility* to those prescribed by statute; it had no impact on their due process rights relating to their *detention*. Because Petitioner challenges the lawfulness of his present detention, not his admissibility, the undersigned finds that *Padilla* does not affect this Court's analysis regarding the due process protections necessary to detain Petitioner. *See also*, *e.g., Marquez v. Warden, Desert View Facility*, No. 5:26-cv-05368-MBK, 2026 WL 2948874, at *4 (C.D. Cal. Oct. 1, 2026) (emphasizing that in *Padilla* the Ninth Circuit acknowledged "the government cannot arbitrarily detain people, including noncitizens . . . and discuss[ed] the history of protections against arbitrary detention applied to noncitizens") (citation modified); *Kleber Vasquez v. Hernandez*, No. 2:26-cv-02873-TMC, 2026 WL 2936770, at *2 (W.D. Wash. Sep. 30, 2026) (addressing noncitizen who was detained after expiration of her § 1182(d)(5) parole following *Padilla*, and explaining that "while [the petitioner's] legal status regarding admission reverted to that of an arriving noncitizen once her parole expired, the Due Process clause continued to require constitutionally adequate procedures surrounding her detention"). Because Respondent has not identified any factual or legal issues in this case that would materially distinguish it from these prior cases, the undersigned recommends granting the petition for writ of habeas corpus (Doc. 1).

Further, as the court found in *Cuenca-Pucha*, the undersigned finds that the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *See Cuenca-Pucha*, 2026 WL 3059492, at *2 (citing *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563, at 12–13 (E.D. Cal. Feb.

5, 2026)).

## RECOMMENDATION

Accordingly, the undersigned recommends granting the pending petition, (Doc. 1), and ordering Respondent to immediately release Petitioner from Respondent's custody on the conditions, if any, they were subject to prior to their detention on August 5, 2026 and that Respondent be enjoined and restrained from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before an immigration judge.

<u>Notice of Expedited Objections</u>: Given the recommendation to grant the petition in part, a party may file written objections with the Court within seven (7) days of service of these Findings and Recommendations. 28 U.S.C. § 636(b)(l); Local Rule 304(b) (permitting court to set a different time). These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within seven (7) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **November 18, 2026**

UNITED STATES MAGISTRATE JUDGE